IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE APPLICATION OF P.W RENTALS LTD., 1251237 ALBERTA LTD., 1218172 ALBERTA LTD. SILVER SKY RENTALS LTD., SHILO WILD, AND PERRY WILD FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 24-MC-91609 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Petitioners P.W. Rentals Ltd., 1251237 Alberta Ltd., 1218172 Alberta Ltd., Silver Sky Rentals Ltd., Shilo Wild, and Perry Wild (collectively, "Petitioners") respectfully submit this Memorandum of Law in support of their Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Petition").

## BACKGROUND

P.W. Rentals Ltd. ("PW Rentals"), 1251237 Alberta Ltd., 1218172 Alberta Ltd., and Silver Sky Rentals Ltd. (collectively the "Corporate Petitioners") are corporations formed under the laws of Alberta, Canada, and at all material times have engaged in the business of renting equipment to oilfield companies in northern British Columbia, Alberta, and Saskatchewan. *See* Statement of Claim attached as Exhibit 1 to the Decl. of Paul Greep ("Statement of Claim") ¶ 1, filed concurrently herewith. Shilo Wild and Perry Wild (collectively the "Individual Petitioners") are individuals residing in Alberta Canada and are shareholders of the Corporate Petitioners. *Id.* ¶¶ 1-2.

Weaver Bros Auctions Ltd. ("Weaver"), doing business as Weaver Bros. Auction Service and as Weaver, is a Canadian corporation registered to provide auctioning services in Alberta. *Id.* ¶ 4.

Auction Mobility LLC ("Auction Mobility") is a limited liability company registered to do business in Massachusetts. Decl. of Paul Greep ("Greep Decl.") ¶ 4. During the relevant time period Auction Mobility was based in Boston Massachusetts with senior employees present here. *Id.* ¶ 5. Auction Mobility LLC provides remote auction software that enables auctioneers to hold auctions via the internet and enables bidders to make bids from a computer or smart phone. *Id.* ¶ 4.

On November 18, 2021, Petitioners brought a civil action against Weaver in the Court of King's Bench in Edmonton, Canada, arising out of an auction contract they entered with Weaver on June 11, 2021 (the "Contract"). Greep Decl. ¶ 3; Greep Decl. Ex. 1 (Statement of Claim) ¶ 10. The Contract required Weaver to auction off all or substantially all the Corporate Petitioners' assets. Greep Decl. Ex. 1 (Statement of Claim) ¶¶ 7-10. The Corporate Petitioners agreed that Weaver would hold the auction online, allowing participants to view and bid on items remotely via a remote auction platform developed and hosted by Auction Mobility. Greep Decl. ¶ 4; Greep Decl. Ex. 1 (Statement of Claim) ¶ 15. The Petitioners ultimately provided Weaver with 140 lots to auction with a collective estimated value of eleven million Canadian Dollars. Greep Decl. Ex. 1 (Statement of Claim) ¶ 17. Weaver Guaranteed net sales proceeds of at least 8.2 million Canadian Dollars. *Id.* ¶ 12(d).

Weaver held an auction of the Corporate Petitioners' assets beginning on September 24, 2021, with bidding closing in a staggered fashion over September 28, 29, and 30, 2021 (the "Auction"). *Id.* ¶ 18. As lots neared the end of their timed auctions bidders began to lose the ability to make new bids on items due to technical difficulties. *Id.* ¶ 19. Petitioners received numerous communications from interested bidders stating that they intended to make bids on certain items but could not do so. *Id.* Other interested bidders informed the Petitioners that bidders could not access the online platform to make bids throughout September 27-29, 2021.

*Id.* Despite these difficulties Weaver refused to halt the Auction. *Id.* ¶ 20. Ultimately, due to technical issues, the Auction produced gross sales of CA$9,151,360.00. *Id.* ¶ 22. That figure not only fell below the initial estimated value of CA$11,000,000.00, but indications were that the Auction, if properly executed by Weaver, would have significantly overperformed that estimate. *Id.*

Following the botched Auction, Weaver admitted that technical issues occurred but refused to take any remedial action on the basis that the Auction had achieved its guaranteed minimum. *Id.* ¶ 23. The Petitioners filed a civil action against Weaver with the Court of King's Bench of Alberta on November 18, 2021, which action remains pending. Greep Decl. ¶¶ 1-3, 6.

## ARGUMENT

The Court should grant the Petitioners' motion for an order authorizing the issuance of a subpoena to Auction Mobility (the "Subpoena") because Petitioners have satisfied all statutory prerequisites for discovery pursuant to 28 U.S.C. § 1782. Further, all discretionary factors established by *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), favor issuance of the Subpoena.

### I. Petitioners Satisfy all Statutory Requirements for Issuance of a Discovery Order Under 28 U.S.C. 1782

28 U.S.C. § 1782 authorizes district courts "to provide judicial assistance to foreign or international tribunals or to "interested person[s]" in proceedings abroad… in gathering evidence for use in foreign tribunals." *Intel Corp.,* 542 U.S. at 247. District courts may issue a discovery order in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782 if (1) the person from whom discovery is sought resides or can be found in their district, (2) the discovery is for use in a foreign proceeding or international tribunal, and (3) the application for such discovery is made by a foreign or international tribunal or any interested person. 28 U.S.C § 1782; *In re Porsche*

3

*Automobil Holdings SE*, 985 F.3d 115, 120 (1st Cir. 2021). Here, Petitioners meet all statutory requirements under 28 U.S.C § 1782.

First, Auction Mobility resides in or can be found in Massachusetts. Auction Mobility is registered to business in Massachusetts and is, or during the relevant time period was, based in Boston Massachusetts with senior employees present here. *See* Greep Decl. ¶ 4-5; *see also In re General Electric Company*, No. 1:22-cv-91125-IT, 2022 WL 16720425, at *3 (D. Mass. Nov. 4, 2022) (holding that a corporation could be "found" in the district in which it maintained an office). Second, the discovery sought is for use in a foreign proceeding, namely litigation currently pending before the Court of King's Bench in Alberta, Canada. *See ZF Automotive US, Inc. v. Luxshare, Ltd.,* 596 U.S. 619, 633 (2022) (defining "foreign tribunal" under 28 U.S.C § 1782 as a tribunal that "exercises governmental authority conferred by a single nation…"); *see also* Greep Decl. ¶¶ 1-3, 6. Third, Petitioners, as litigants in the Alberta proceeding, necessarily qualify as "interested persons" in that proceeding. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of… interested person[s].").

## II. Discretionary Factors Also Favor Issuance of a Discovery Order Under 28 U.S.C. 1782

Where petitioners meet the statutory requirements set forth in 28 U.S.C § 1782, a court may also weigh certain discretionary factors – the so-called "*Intel* factors" – including "(1) whether the discovery is sought from a participant in a foreign proceeding (thereby suggesting that the foreign tribunal might obtain the discovery 'absent § 1782(a) aid'); (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad' to assistance from U.S. federal courts; (3) whether a section 1782 request 'conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; ' and (4) whether the subpoena

4

contains unduly intrusive or burdensome requests." *In re Porsche Automobil Holdings SE*, 985 F.3d at 120 (citing *Intel Corp.*, 542 U.S. at 264-65).

As to the first *Intel* factor, Auction Mobility is not a participant in the Alberta proceeding. Greep Decl. ¶ 7. The foreign tribunal cannot, therefore, obtain the discovery absent Section 1782 aid.

As to the second *Intel* factor, there is no indication that the Court of King's Bench would reject the discovery sought. *Id.* ¶ 8. Without indication that a foreign proceeding would reject the discovery sought, 28 U.S.C § 1782's "overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects" supports the issuance of a discovery order. *See In re Schlich*, 893 F.3d 40, 49, 51 (1st Cir. 2018).

As to the third *Intel* factor, Petitioners have not attempted to circumvent any discovery limitations imposed by the Alberta proceeding or in the United States. No Alberta procedural or evidentiary rules prohibit a discovery proceeding such as this. Greep Decl. ¶ 9.

Finally, as to the fourth *Intel* factor, the discovery sought here is not unduly burdensome but instead narrowly tailored to seek documents relevant to the specific botched Auction by Weaver supported by Auction Mobility's software.

## **CONCLUSION**

Petitioners have demonstrated that they meet all statutory prerequisites for the issuance of a discovery order under 28 U.S.C § 1782. In addition, all discretionary factors favor issuance of the Subpoena to Auction Mobility. Petitioners therefore respectfully request that the Court order issuance of the Subpoena to Auction Mobility, which subpoena is attached as Exhibit A to the Petition.

                                                                                   P.W. RENTALS LTD., 1251237 ALBERTA LTD., 1218172 ALBERTA LTD., SILVER SKY RENTALS LTD., SHILO WILD, AND PERRY WILD

                                                                                   By their attorneys,

                                                                                   _/s/ Stephen K. Garvey_  
                                                                                   Heather V. Baer (BBO #566746)  
                                                                                   Michele E. Connolly (BBO #680946)  
                                                                                   Stephen K. Garvey (BBO #707205)  
                                                                                   FITCH LAW PARTNERS, LLP  
                                                                                  84 State Street, 11th Floor  
                                                                                  Boston, MA 02109  
                                                                                  (617)542-5542  
                                                                                  _hvb@fitchlp.com_  
                                                                                  _mec@fitchlp.com_  
                                                                                  _skg@fitchlp.com_

Dated: November 25, 2024.